United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN D. KAUFMAN,
Plaintiff,
v.
STONECREST MANAGERS, INC., et al.,
Defendants.

Case No. 26-cv-10947-HSG

**ORDER DIRECTING PLAINTIFF TO SERVE DEFENDANTS AND DEFENDANTS TO RESPOND TO EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

Re: Dkt. No. 8

Before the Court is Plaintiff's ex parte motion for a temporary restraining order and order to show cause. Dkt. Nos. 8, 8-1. Plaintiff seeks to restrain Defendants[1] and all those acting in concert with them from holding a nonjudicial foreclosure sale of Plaintiff's home at 95 Nordhoff Street in San Francisco, California. Plaintiff also seeks an order to show cause why a preliminary injunction should not be issued.

The standard for issuing a temporary restraining order is substantially identical to the rule for granting a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Preliminary injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22, 24 (2008) (citation omitted). Such an order may be issued only where the moving party has established: (1) a likelihood of success on the merits; (2) a likelihood

[1] Defendants listed on Plaintiff's complaint are: STONECREST MANAGERS, INC., a California corporation; KIWI & CO., d/b/a STONECREST FINANCIAL, a California corporation; SECURED INCOME FUND-II, LLC, a California limited liability company; ROCK SOLID FINANCIAL d/b/a/ MORGAN STRAUSS CAPITAL, a California corporation; LOUIS M. COSTANZO, an individual; PLM LENDER SERVICES, INC., a California corporation; PLM LOAN MANAGEMENT SERVICES, INC., a California corporation, inclusive. Dkt. No. 1.

of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in plaintiff's favor; and (4) that an injunction is in the public interest. *See id.* at 20. Further, a temporary restraining order may issue without written or oral notice only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1)(A)-(B).

It is hard to envision any legitimate reason why Plaintiff waited until now to file this motion when notice of Plaintiff's default was recorded on March 12, 2026. Dkt. No. 8-2 ¶ 25; *see Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (citation omitted) (noting that waiting months to seek an injunction undercuts a claim of irreparable harm). Furthermore, Plaintiff's counsel knew by September 24, 2026, that the sale was set to proceed on October 1, 2026. Dkt. No. 8-10 ¶ 3. Based on the current record before the Court, Plaintiff has not met his high burden of establishing that he is entitled to the extraordinary remedy of a temporary restraining order, particularly one issued without clear notice to Defendants and an opportunity for them to be heard under Rule 65(b)(1).

Plaintiff's counsel states in a declaration that he has been in contact with Kathy Shakibi of the law firm Wright, Finlay, and Zac, who purportedly represents Defendants. Dkt. No. 8-10 ¶¶ 3–5. By 9:00 p.m. PT today, September 29, 2026, Plaintiff is **DIRECTED** to serve a copy of the Complaint, Dkt. No. 1, the TRO and supportive documents, Dkt. No. 8, and this Order on Defendants' counsel at a minimum via email. *See* Dkt. No. 8-10 ¶ 4. By 9:00 a.m. PT tomorrow, September 30, 2026, Plaintiff **SHALL** file a declaration confirming that he has done so. Plaintiff's declaration **SHALL** list the names, titles, and email addresses of all those he served and whether he has received a response.

//

//

//

//

The Court **DIRECTS** Defendants to file any opposition by 3:00 p.m. PT tomorrow, September 30, 2026. The motion will be deemed submitted at that time unless otherwise ordered by the Court.

**IT IS SO ORDERED.**

Dated: September 29, 2026

HAYWOOD S. GILLIAM, JR.
United States District Judge



United States District Court
Northern District of California