United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN D. KAUFMAN,
Plaintiff,
v.
STONECREST MANAGERS, INC., et al.,
Defendants.

Case No. 26-cv-10947-HSG

**ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

Re: Dkt. No. 8

Pending before the Court is Plaintiff John D. Kaufman's motion for a temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not issue. Dkt. No. 8; ("Mot."), Dkt. No. 8-1. Plaintiff seeks to restrain Defendants[1] and all those acting in concert with them from holding a nonjudicial foreclosure sale tomorrow—Thursday, October 1, 2026—of Plaintiff's property at 95 Nordhoff Street in San Francisco, California, 94131 (the "Property"). Mot. at 1; Dkt. No. 8 at 1–2. The Motion was filed only two days before the scheduled sale. Dkt. No. 9. The Court **GRANTS** the Motion.

On the same day the TRO was filed, the Court issued an order directing Plaintiff to serve Defendants' counsel with the Complaint, Plaintiff's TRO Motion and supportive documents, and the Court's Order declining to rule on the TRO without clear notice to Defendants and an opportunity for them to be heard under Federal Rule of Civil Procedure 65(b)(1). Dkt. No. 9 at 1–

[1] Defendants listed on Plaintiff's complaint are: STONECREST MANAGERS, INC., a California corporation; KIWI & CO., d/b/a STONECREST FINANCIAL, a California corporation; SECURED INCOME FUND-II, LLC, a California limited liability company; ROCK SOLID FINANCIAL d/b/a/ MORGAN STRAUSS CAPITAL, a California corporation; LOUIS M. COSTANZO, an individual; PLM LENDER SERVICES, INC., a California corporation; PLM LOAN MANAGEMENT SERVICES, INC., a California corporation, inclusive. Dkt. No. 1.

2. Defendant Secured Income Fund-II, LLC specially appeared without waiving service and filed an opposition brief the next morning, September 30, 2026. ("Opp."), Dkt. No. 13. No other Defendant has filed an opposition brief as of filing this Order. The matter was deemed submitted pursuant to Local Rule 7-1(b). Dkt. No. 9 at 3.

Injunctive relief is a matter of equitable discretion and "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 24, 32 (2008) (citation omitted); Fed. R. Civ. P. 65. The standard for issuing a temporary restraining order is "substantially identical" to the rule for granting a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). A "TRO should be restricted to preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer." *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (internal quotations omitted) (cleaned up). Temporary restraining orders may only issue where the moving party has clearly shown: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in plaintiff's favor; and (4) that an injunction is in the public interest. *See Winter*, 555 U.S. at 20, 22 (citations omitted).

Having reviewed the record and good cause appearing, the Court finds that the four *Winter* factors are met **GRANTS** the TRO. Dkt. No. 8. However, the Court notes that there are potentially significant issues with respect to a number of matters in this case, including but not limited to: Plaintiff's prudential standing to bring this suit as a member of the Plaintiff LLC; whether Plaintiff is properly raising claims under consumer rather than commercial loan statutory regimes; whether the Property is in fact Plaintiff's primary residence and non-commercial; whether Defendants engaged in fraud, age-motivated, or other unconscionable conduct; and the likelihood of irreparable harm in light of Plaintiff's delay in filing this Motion.

* * *

**ORDER TO SHOW CAUSE**

Defendants are **ORDERED TO SHOW CAUSE** why a preliminary injunction should not be entered against you restraining and enjoining you and your agents, assigns and/or transferees,

United States District Court
Northern District of California

from proceeding with the foreclosure of the Property at 95 Nordhoff Street in San Francisco, California, 94131, or any other sale, foreclosure, encumbering, disposition, or transfer of any right, title, or interest in the Property, in any manner, or taking any other enforcement actions, pending trial of this action or further order of this Court.

**TEMPORARY RESTRAINING ORDER**

Pending hearing on the Order to Show Cause, Defendants and their agents, assigns and/or transferees, are **RESTRAINED** and **ENJOINED** from proceeding with the foreclosure of the Property at 95 Nordhoff Street in San Francisco, California, 94131, or any other sale, foreclosure, encumbering, disposition, or transfer of any right, title, or interest in the Property, in any manner, or taking any other enforcement actions, until a hearing can be held on the merits of Plaintiff's request for a preliminary injunction. This TRO shall take effect immediately upon entry on the docket and shall remain in effect for fourteen days or until further order of this Court.

**IT IS FURTHER ORDERED THAT**:

1. Plaintiff **SHALL** serve this Temporary Restraining Order and Order to Show Cause on Defendants' counsel no later than 9:00 p.m. PT today, September 30, 2026, via email, and **SHALL** file proof of service by 9:00 a.m. PT tomorrow, October 1, 2026.
2. Plaintiff is **DIRECTED** to file a reply by 5:00 p.m. PT on Thursday, October 1, 2026, responding to Defendant Secured Income's filing at Dkt. No. 13 and the issues identified in this Order. Plaintiff is informed that the Court will not grant an extension for this filing given Plaintiff's delay in bringing this action and seeking a TRO.
3. Defendants are **DIRECTED** to file any sur-reply by 9:00 a.m. PT on Wednesday, October 7, 2026.[2]
4. The Court further **SETS** a show cause hearing on Plaintiff's application for preliminary injunction for Thursday, October 8, 2026, at 10:00 a.m. PT in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA. All parties **SHALL** attend in person.

//

---

[2] Defendant Secured Income reserved the right to file a supplemental, longer brief given the time constraints presented by this TRO. Opp. at 1.

If the parties resolve their dispute before the hearing date, they **SHALL** request by stipulation that the Court vacate the hearing.

**IT IS SO ORDERED.**

Dated: September 30, 2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California